Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ÁNGEL SÁNCHEZ RIVERA, ET AL<br><br>Demandantes-Recurridos<br><br>Vs.<br><br>MANATÍ MEDICAL CENTER, ET AL<br><br>Demandados<br><br>DR. RICARDO SAADÉ YORDÁN Y PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY<br><br>Demandados-Peticionarios | TA2025CE00667 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.<br><br>MT2022CV00116<br><br>Sala: 403<br><br>Sobre:<br><br>DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de noviembre de 2025.

Comparecen la parte peticionaria, el señor Ricardo Saadé Yordán y su aseguradora Puerto Rico Medical Defense Insurance Company solicitando la revisión de la *Resolución* emitida y notificada por el Tribunal de Primera Instancia de Arecibo, el 26 de agosto de 2025. Mediante la misma, el foro primario denegó la moción de sentencia sumaria promovida por la parte peticionaria.

Por los fundamentos expuestos, *denegamos* la expedición del recurso extraordinario solicitado.

*-I-*

La parte recurrida, el señor Ángel Sánchez Rivera y la señora Zayra Pérez Andréu, presentaron una demanda el 22 de febrero de

2022 sobre daños y perjuicios e impericia médica.[1] En esencia, solicitaron que se le condenara a la parte peticionaria a satisfacer las sumas reclamadas a consecuencia de alegados daños sufridos. Superadas varias incidencias procesales, la parte peticionaria presentó una moción de sentencia sumaria parcial. Alegó que no existía relación causal entre la intervención del señor Saadé Yordán y los daños reclamados debido a que fueron compensados por los demandados que habían incurrido en la alegada negligencia.[2] La parte recurrida presentó su oposición en la cual plantearon que en el presente caso existían hechos en controversia desde el punto de vista pericial, lo cual impedía que el foro primario dictara sentencia sumaria.[3] En apoyo a su contención, presentaron récords médicos y una declaración jurada. Evaluadas las partes, el Tribunal de Primera Instancia denegó la moción de sentencia sumaria.

Inconforme, la parte peticionaria comparece ante nos y señala los siguientes errores:

> Erró el TPI al denegar la moción de sentencia sumaria radicada por los Peticionarios demandados por el fundamento de que es necesario conocer cuál es la mejor práctica de la medicina en el tipo de situación del caso de epígrafe a pesar que la evidencia no controvertida sometida en apoyo de la moción de sentencia sumaria claramente atiende esta controversia.

> Erró el TPI al denegar la moción de sentencia sumaria radicada por los Peticionarios demandados por el fundamento de que es necesario pasar juicio sobre la credibilidad y el valor probatorio de los testigos de las partes Peticionaria y Recurrida de modo de poder determinar cuál es la norma mínima de cuidado en este tipo de situación y si el Peticionario Dr. Saadé se apartó de la misma, todo esto enmarcado en la información brindada mediante llamada telefónica entre los facultativos que atendieron al Sr. Sánchez en Sala de Emergencia y el Dr. Saadé.

---

[1] Apéndice del Recurso, SUMAC TPI entrada núm. 1.
[2] *Íd.* SUMAC TPI entrada núm. 112.
[3] *Íd.* SUMAC TPI entrada núm. 117.

La parte recurrida también compareció mediante alegato escrito. Procedemos a resolver el recurso presentado con el beneficio de la comparecencia de las partes, y el contenido del expediente electrónico.

*-II-*

*-A-*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior.[4] Tal discreción no opera en lo abstracto, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[5]

Este foro apelativo intermedio puede revisar órdenes interlocutorias discrecionalmente cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o

---

[4] Véase, *Rivera et al. v. Arcos Dorados et al*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[5] 32 LPRA Ap. V, R. 52.1.

en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

La Regla 40 del Reglamento del Tribunal de Apelaciones dispone los criterios a considerar expedir el auto solicitado.[6] La regla dispone:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de los criterios es determinante, por sí solo, y no constituye una lista exhaustiva.[7] Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del

---

[6] *Rivera et al. v. Arcos Dorados et al.*, *supra*, págs. 195-196; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).
[7] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio".[8] De ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[9]

### -B-

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009[10] es un vehículo para asegurar la solución justa, rápida y económica de un caso.[11] La sentencia sumaria permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita.[12] Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación.[13] Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio.[14] Este cauce sumario resulta beneficioso tanto para el tribunal como para las partes en un pleito, pues se agiliza el proceso judicial mientras simultáneamente provee a los litigantes un mecanismo procesal

---

[8] *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97.

[9] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[10] 32 LPRA Ap. V, R. 36.

[11] *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); Oriental Bank v. Caballero García, 212 DPR 671 (2023); G*onzález Meléndez v. Municipio Autónomo de San Juan y otros*, 212 DPR 601 (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023); *Universal Ins. y otro. v. ELA y otros.*, 211 DPR 455 (2023).

[12] *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022).

[13] 32 LPRA Ap. V, R. 36.1 y 36.2.

[14] *León Torres v. Rivera Lebrón*, 204 DPR 20, 42 (2020).

encaminado a alcanzar un remedio justo, rápido y económico.[15] En aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción.[16]

Nuestro ordenamiento civil impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido.[17] Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido".[18] "[L]a parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación".[19] Quien se opone a esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si procede en derecho.[20]

---

[15] *Íd.*
[16] *Íd.*
[17] 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, en la pág 8; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).
[18] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).
[19] *León Torres v. Rivera Lebrón, supra*, pág. 43.
[20] *Íd.*

En la oposición a una solicitud de sentencia sumaria la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden dictar sentencia sumaria.[21] Para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil.[22] La parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa.[23] Ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, la consideración de sus posiciones descansa en la discreción del tribunal.

### -III-

Examinado el recurso a la luz de los criterios para evaluar la expedición del auto de *certiorari,* establecidos en la Regla 40 de nuestro Reglamento, *supra,* determinamos que no procede la expedición del recurso.

En este pleito sobre daños y perjuicios e impericia médica, el foro primario denegó una solicitud de sentencia sumaria presentada por la parte peticionaria. En su *Resolución,* expuso las determinaciones de hechos incontrovertidas, y señaló que existían unos hechos medulares en controversia que le impedían dictar sentencia sumaria.

En específico sostuvo que, será necesario pasar juicio sobre la credibilidad y valor probatorio de los testigos para poder determinar cuál es la norma mínima de cuidado en este tipo de situación.

De un examen de los documentos revisados y del expediente del caso, no se desprende que el foro primario, al denegar la solicitud

---

[21] *Íd.*
[22] *Íd.*
[23] *Íd.*

de sentencia sumaria, actuara contrario a derecho. Con tal determinación, no abusó de su discreción.

En este caso no se ha demostrado por parte del Tribunal de Primera Instancia un craso abuso de discreción, o una actuación con prejuicio o parcialidad, o una equivocación en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo, que nos mueva a expedir el auto. Además, la expedición del recurso, en esta etapa de los procedimientos, causaría una dilación indeseable en la solución final del litigio.

### -*IV*-

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *denegamos* la expedición del auto solicitado. Regla 40(B) del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones